Juan Luis Siquina MACHIC,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73109.
Agency No. A70–642–307.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 2004.

Decided April 7, 2004.

Curtis Pierce, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, John C. Cunningham, Shelly R. Goad, Song Park, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Juan Luis Siquina Machic, a native and citizen of Guatemala, appeals the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1] We review the BIA's decision for substantial evidence, reversing only if the evidence not only supports a contrary conclusion, but compels it. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir. 2003). Because the decision is solidly supported by substantial evidence, a contrary result is not compelled and we affirm the BIA.

To establish eligibility for asylum, Machic must show past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

Under *Elias–Zacarias,* the guerrillas' conscription efforts and threats against Machic do not constitute past persecution. 502 U.S. at 482. Similarly, Machic's claim that the government limited his access to health care, education, and employment falls short of establishing past persecution.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner Machic also claims that the BIA's summary affirmance of the IJ's denial of his petition deprived him of due process. His argument is precluded by our holding in *Falcon Carriche v. Ashcroft*: "We join our sister circuits in holding that streamlining does not violate an alien's due process rights." 350 F.3d 845, 848 (9th Cir.2003).

*See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc) ("Persecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be.") (internal quotation marks and alterations omitted). Even if these occurrences were found to be past persecution, the fact that Guatemala has undergone significant changes since Machic came to the United States in 1992 would still render him ineligible for asylum. *See* 8 C.F.R. § 208.13(b)(1)(i)(A) (explaining that the government can rebut the presumption of a well-founded fear based on past persecution by proving changed circumstances in the country).

Machic has also failed to establish a well-founded fear of future persecution. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) (holding that a petitioner's "fear of persecution must be both subjectively genuine and objectively reasonable"). Given the significant changes in Guatemala and the fact that his family has continued to live in his hometown undisturbed, the IJ's finding that Machic did not have a well-founded fear of persecution is supported by the record. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) (considering, among other facts, that "many of the Prasads' relatives still reside in Fiji, apparently without incident" in denying asylum). Similarly, Machic's claim that he has a well-founded fear of persecution based upon the pattern or practice of persecution against indigenous people such as himself falls very short of the systematic persecution described in our precedents. *See* 8 C.F.R. § 208.13(b)(2)(iii)(A); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1183 (9th Cir. 2003); *Mgoian v. INS,* 184 F.3d 1029, 1036–37 (9th Cir.1999); *Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994).

Because Machic fails to meet the lesser standard of eligibility for asylum, he neces-sarily fails to establish eligibility for withholding of removal and relief under the CAT. *Rostomian,* 210 F.3d at 1089; 8 CFR § 208.16(c)(4) (requiring that it be "more likely than not" that the respondent will be subject to torture upon his return in order to qualify for relief under the CAT).

**AFFIRMED**